COPY

FILED
CLERK, U.S. DISTRICT COURT

JUN - 6 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1   Sue J.  Stott, Bar No. 91144
    SStott@perkinscoie.com
2   Jonathan S. Longino, Bar No. 273936
    JLongino@perkinscoie.com
3   PERKINS COIE LLP
    Four Embarcadero Center, Suite 2400
4   San Francisco, CA  94111-4131
    Telephone:  415.344.7000
5   Facsimile:  415.344.7050

6   Attorneys for Defendants
    REDBOX AUTOMATED RETAIL, LLC,
7   and OUTERWALL INC.

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11
    JUSTIN DOUGHERTY, as an              Case No.  CV14-4406 FMO-CW x
12  individual on behalf of all others
    similarly situated,                  DEFENDANT REDBOX
13                                       AUTOMATED RETAIL, LLC'S
                   Plaintiff,            NOTICE OF REMOVAL
14                                       PURSUANT TO 28 U.S.C. § 1332(d)
          v.
15                                       [Filed concurrently with:
    Redbox AUTOMATED RETAIL,
16  LLC, a Limited Liability Company;    Civil Cover Sheet;
    OUTERWALL, INC., a corporation,
17  and DOES 1 through 50, inclusive,    Declaration of Jonathan S. Longino In
                                         Support Of Redbox's Removal Of
18                 Defendant.            Removal;

19                                       Declaration of Turiya Gray In
                                         Support Of Redbox's Removal]
20
                                         Complaint Filed:  May 6, 2014
21

22

23

24

25

26

27

28

    NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

**PLEASE TAKE NOTICE,** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453, Defendant Redbox Automated Retail, LLC ("Redbox") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to this Court.[1]  Redbox respectfully states the following grounds for removal:

### PROCEDURAL BACKGROUND

1.      On or about May 6, 2014, Plaintiff Justin Dougherty ("Plaintiff") filed suit against Redbox in the Superior Court of the State of California for the County of Los Angeles, titled "*JUSTIN DOUGHERTY, as an individual and on behalf of all others similarly situated, Plaintiffs, vs. REDBOX AUTOMATED RETAIL, LLC, a Limited Liability Company; OUTERWALL, INC., a corporation, and DOES 1 through 50, inclusive, Defendants.*" and assigned Case No. BC544841.  A copy of the Summons and Complaint, and all other documents served on Redbox is attached as "Exhibit A."

2.      Redbox was personally served with the summons and Complaint on May 7, 2014.  (Declaration of Turiya Gray ("Gray Decl.") ¶ 3.)  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, as it was filed within 30 days of service of the Summons and Complaint.

3.      The Complaint alleges six (6) titled causes of actions, most of which contain allegations under several different statutes (many of which are misidentified): (1) failure to provide meal and/or rest periods, putatively in violation of California Labor Code section 226; (2) failure to pay all vested but unused vacation wages at termination, putatively in violation of California Labor Code section 227.3; (3) failure to provide overtime and minimum wages, putatively

---

[1] Defendant Outerwall Inc. consents to and joins in this removal.  Defense counsel of record represent both defendants in this action. (Declaration of Jonathan S. Longino ("Longino Decl.") ¶ 1.)

NOTICE OF REMOVAL

1  in violation of California Labor Code section 1194; (4) failure to timely pay wages

2  upon termination, putatively in violation of California Labor Code section 203; (5)

3  failure to provide accurate itemized wage statements, putatively in violation of

4  California Labor Code section 226; and (6) unfair business practices under the

5  Unfair Competition Act, California Business and Professions Code sections 17200,

6  *et seq.*  The Complaint, which was filed as a putative class action under California

7  Code of Civil Procedure section 382, purports to seek relief on behalf of Plaintiff,

8  individually, and "[a]ll non-exempt employees of Defendants who worked in

9  California as Field Support Representatives or individuals with similar titles and/or

10  job duties servicing Redbox kiosks during the period from May 6, 2010 to the

11  present," including seven putative subclasses and five alternative subclasses.

12  (Compl. ¶ 15.)

**CLASS ACTION FAIRNESS ACT JURISDICTION**

14       4.       Under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"),

15  federal district courts have original jurisdiction over any putative class action where

16  (1) it involves 100 or more putative class members, (2) any putative class member

17  is a citizen of a state different from any defendant, and (3) the aggregated claims of

18  the members of the putative class more likely than not exceed $5,000,000.  28

19  U.S.C. §§ 1332(d)(2), (4), and (6); *Rodriguez v. AT&T Mobility Services LLC*, 728

20  F.3d 975, 976-77, 981 (9th Cir. 2013) (establishing that a defendant removing a

21  putative class action under CAFA need only establish amount in controversy by a

22  preponderance of the evidence).  Accordingly, this action is one which may be

23  removed by Defendants pursuant to 28 U.S.C. §§ 1441 and 1453, as each

24  requirement is met.

25       5.       **The putative class consists of more than 100 members**.  Plaintiff

26  purports to bring this action on behalf of himself and "[a]ll non-exempt employees

27  of Defendants who worked in California as Field Support Representatives or

28  individuals with similar titles and/or job duties servicing Redbox kiosks during the

- 2 -

NOTICE OF REMOVAL

1   period from May 6, 2010 to the present." (Compl. ¶ 15.)  Plaintiff alleges that
2   "[t]he members of the Classes are so numerous that joinder of all members would
3   be impractical, if not impossible." (Compl. ¶ 16.)  Based on a review of Redbox's
4   business records, the putative class, as defined by Plaintiff's Complaint, includes
5   approximately 213 persons, including 130 persons in the year prior to the filing of
6   this Complaint, and 106 individuals who are presently employed by Redbox.  (Gray
7   Decl. at ¶ 5.)  This action, therefore, involves enough potential class members to
8   meet the numerosity requirements under 28 U.S.C. § 1332(d).

9         6.   **Minimal diversity exists between the parties**.  As opposed to the
10   complete diversity required for removal under diversity jurisdiction, CAFA only
11   requires that minimal jurisdiction exists between any putative class member and
12   any defendant.  28 U.S.C. §§ 1332(d).  For diversity purposes, a person is a
13   "citizen" of the state in which he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*,
14   704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he resides
15   with the intention to remain or to which he intends to return.  *Kanter v. Warner-*
16   *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff, who worked for Redbox
17   in the state of California and brings this litigation relating to purported violations of
18   California law which allegedly occurred in the state of California, is a citizen of the
19   state of California.  (Compl. ¶¶ 7-9, 15, 21; *see* Compl. ¶ 20.)  Further, Plaintiff
20   brings his Complaint on behalf of a putative class of individuals, including 106
21   individuals who continue to work for Redbox in the state of California.  (Gray Decl.
22   ¶ 5.)  Accordingly, one (indeed, significantly more than one) of the putative class
23   members are citizens of California.

24         7.   Pursuant to 28 U.S.C. § 1332(d)(10), an unincorporated association is
25   deemed a citizen only of the state under whose laws it is organized and where it has
26   its principal place of business.  A principle place of business is where a substantial
27   predominance of corporate operations occur or where the majority of the
28   partnership's executive and administrative functions are performed.  *Davis v. HSBC*

NOTICE OF REMOVAL

1 | *Bank Nevada, N.A.*, 557 F.3d 1026 (9th Cir. 2009); *see also Hertz Corp. v. Friend*,

2 | 130 S.Ct. 1181, 1192 (2010) (a corporation's "principal place of business" is that

3 | place where "its officers direct, control, and coordinate the corporation's

4 | activities"). Redbox was, at the time of the filing of this action, and still is, a

5 | limited liability company organized under the laws of the State of Delaware. (Gray

6 | Decl. ¶ 2.) Redbox's principal place of business is Oakbrook Terrace, Illinois,

7 | which is where its executives, including its president and senior vice presidents,

8 | direct, control, and coordinate Redbox' business activities across the United States,

9 | including its business activities in the state of California. (*Id.*) Accordingly,

10 | Redbox is a citizen of the States of Delaware and Illinois, and not the State of

11 | California.

12 | 8. The minimal diversity of citizenship requirements under 28 U.S.C. §

13 | 1332(d)(2) are therefore met, as Redbox and Plaintiff, as well as numerous putative

14 | class members, are citizens of different states.

15 | 9. **Amount in Controversy**. While Redbox denies the validity of

16 | Plaintiff's claims and request for relief, based on the allegations in the Complaint

17 | the aggregate value of amount in controversy exceeds five million dollars

18 | ($5,000,000). In order for this case to come under CAFA jurisdiction, Redbox

19 | simply needs to establish by a preponderance of the evidence that Plaintiff's claims

20 | exceed the jurisdictional minimum, or, phrased differently, that it is ***more likely***

21 | ***than not*** that the jurisdictional minimum is met.[2] *Rodriguez*, 728 F.3d at 976-77,

22 |

23 |     [2] Plaintiff alleges that the amount in controversy "is less than $5,000,000 in the aggregate for the putative class." Plaintiff therefore does not allege an actual

24 | amount in controversy; he only asserts, without support, that the damages are less than the jurisdictional threshold. Plaintiff's allegation is not entitled to any weight.

25 | Regardless, even if this qualified as a specific amount in controversy, Redbox still must only rebut this allegation by a preponderance of evidence. *Standard Fire*

26 | *Insurance Company v. Knowles,* 133 S. Ct. 1345 (2013) (holding that the proper burden of proof imposed upon a defendant to establish the amount in controversy is

27 | the preponderance of the evidence standard"); *see also Rodriguez*, 728 F.3d at 976-

28 | 77, 981 ("*Lowdermilk*'s legal certainty standard is a consequence of plaintiff's

- 4 -

981; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Redbox can make this showing by presenting any potential damages based on the claims in the Complaint, as well as any claim for attorneys' fees. *Guglielmino*, 506 F.3d at 701 (unspecified attorneys' fees are appropriately counted toward the amount in controversy in CAFA removal actions); *Muniz v. Pilot Travel Centers, LLC*, 2007 WL 1302504, *3 (E.D. Cal., May 1, 2007) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiffs on all claims made in the complaint.").

10.     Pursuant to its calculations as detailed more thoroughly below, Redbox estimates that the amount in controversy is at least **$7,190,889.23**, which satisfies CAFA's jurisdictional prerequisite.  (Longino Decl. ¶ 3.)[3]

11.     To arrive at the amount in controversy, Redbox calculated each potential class member's putative damages. Specifically, for those individuals Redbox believes fall within Plaintiff's class definition, Redbox reviewed its business records to determine their start date, termination date (if applicable), wages during the putative class period (including applicable dates for each wage), and the total number of hours the employee was expected to work in a two week period.  (Gray Decl. ¶¶ 6, 7; Longino Decl. ¶ 2.)  Redbox used this information to calculate the total number of workdays that each individual worked during the statutory period, prorated based on whether that individual's average weekly schedule during the class period required fewer than 40 hours per week (in order to

ability to plead to avoid federal jurisdiction. That principle is not viable in actions involving absent class members").

[3] For purposes of effecting removal pursuant to 28 U.S.C. § 1332(d), declarations from a defendant constitute sufficient evidence to establish the amount in controversy.  *See Muniz*, 2007 WL 1302504 at *2-3 (holding that removal was proper where amount in controversy was established by information contained in a declaration from the defendant setting forth the underlying facts needed to calculate the amount in controversy based on the allegations in the Complaint as well as a declaration from counsel containing the estimated calculations themselves).

NOTICE OF REMOVAL

1    account for individuals with reduced-hour schedules).  (Longino Decl. ¶ 4.)

2    Redbox further reduced the number of workdays included in its calculations for

3    each individual by 10% in order to account for holidays and other time off during

4    the statutory period. (*Id.*)  Redbox used the resulting number as the estimated total

5    number of workdays per class member in the statutory period.  (*Id.*)  Redbox then

6    analyzed the hourly rate of pay applicable for each of those workdays, taking into

7    account changes in the regular rate for each individual in the putative class.  (*Id.*)

8    Using this information, and as further described below, Redbox determined the

9    putative damages that each individual would receive under each cause of action,

10   based on the individual's wages on the date of the putative violation.  (*Id.*)  *See*

11   *Deaver v. BBVA Compass Consulting & Benefits, Inc.*, 2014 WL 2199645, *4-5

12   (N.D. Cal. May 27, 2014) (finding that a removing defendant can rely on

13   assumptions drawn from " 'the respective dates of hire, dates of termination (if

14   applicable), and most recent hourly rate of pay' for each member of the putative

15   class," extrapolating an average hourly rate of pay, the aggregate weeks worked by

16   the putative class, and the aggregate number of pay periods for the putative class,

17   reduced by an assumed 10% to account for time off).

18        12.   **First Cause of Action – Failure to Provide Meal Breaks and Rest**

19   **Periods in Violation of California Labor Code §§ 226.7.**  Plaintiff's first cause of

20   action contains distinct claims for failure to provide meal breaks and rest periods

21   (as well as another cause of action under California Labor Code section 203 that is

22   duplicative of his fourth cause of action).  (Compl. ¶¶ 27-33.)  To support these

23   claims, Plaintiff alleges Redbox engaged in "*systemic* illegal employment

24   practices," and Redbox "*regularly*" did not provide its employees with meal period

25   and rest breaks.  (Compl. ¶¶ 2, 29.)  Moreover, Plaintiff claims that Redbox

26   "*regularly* deducted a meal period from employees' house worked, despite

27   employees working and not taking a duty-free meal period."  (Compl. ¶ 29.)  He

28   further asserts that Redbox enforced a "*uniform*" policy to fail to provide Plaintiff

1  and the entire putative class with meal periods and rest breaks.  (Compl. ¶¶ 30, 32.)

2  13.  Courts have interpreted similar language to mean that the plaintiff is

3  alleging a violation each and every day of the workweek.  *Coleman v. Estes*

4  *Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) aff'd sub nom.

5  *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ("courts have

6  assumed a 100% violation rate in calculating the amount in controversy when the

7  complaint does not allege a more precise calculation"); *Alvarez v. Ltd. Express,*

8  *LLC*, 2007 WL 2317125, *3–4 (S.D.Cal. Aug. 8, 2007) (finding that a plaintiff's

9  allegations that the "company culture" and an "extreme workload" made it

10  "virtually impossible" to take a meal or rest period entitled the defendant to

11  presume a 100% violation rate when removing under CAFA); *Deaver*, 2014 WL

12  2199645 at *6-7 (finding that alleging "consistent and universal" violations

13  permitted the removing party to assume a 100% violation rate).

14  14.  In light of Plaintiff's allegations of "systematic" illegality pursuant to a

15  "uniform" practice and in light of the above case law, Redbox interprets Plaintiff's

16  allegation to mean that he and the putative class missed a meal break and rest

17  period each workday during the putative class period.  Under California Labor

18  Code sections 226.7 and 512, the putative class members are entitled to one hour of

19  premium pay at their regular rate of pay for any meal periods or rest breaks that

20  they were not provided.  If a meal period and rest period are both denied in a single

21  day, class members are entitled to two premium pay payments.  *United Parcel*

22  *Service v. Sup. Ct.,* 196 Cal.App.4th 57, 65 (2011) (affirming that Labor Code

23  section 226.7 requires separate premium pay payments where a meal period and

24  rest period are both missed in a single day).  Pursuant to Business and Professions

25  Code sections 17208, the statutory period for any violation reaches back to four

26  years prior to filing the complaint.

27  15.  To calculate the related putative damages, therefore, Redbox

28  multiplied the estimated total number of workdays by the individual's regular rate

- 7 -

1    of pay to arrive at the individual's putative damages.  (Longino Decl. ¶ 5.)  Rather

2    than merely rely upon the individual's average rate of pay, where an individual had

3    multiple pay rates during the four-year statutory period, Redbox individually

4    calculated the value of the potential damages based on that individual's then-current

5    rate of pay for each estimated workday.  (*Id.*)  With this calculation, Redbox arrived

6    at each individual's putative damages for allegedly missed meal periods.  (*Id.*)

7    Redbox duplicated these putative damages amounts to account for allegedly missed

8    rest periods as well.  (*Id.*)

9         16.    Based on these calculations, the aggregate amount in controversy on

10   Plaintiff's missed meal period allegation is **$1,612,494.09**.  (Longino Decl. ¶ 5.)

11   Similarly, the amount in controversy on Plaintiff's missed rest period allegation is

12   **$1,612,494.09**. (*Id.*)

13        17.    **Second Cause of Action – Failure to Pay Vested Vacation Wages in**

14   **Violation of California Labor Code § 227.3.**  Plaintiff alleges that Redbox had a

15   "*uniform*" policy, pattern, and practice of failing to pay all of the accrued but

16   unused vacation wages at each employee's termination.  Plaintiff alleges that, under

17   Labor Code 227.3, each terminated individual was entitled to receive the value of

18   his or her accrued but unused vacation based on that individual's then-current

19   wages.  (Compl. ¶¶ 34-38.)  Plaintiff alleges that Defendant failed to pay "*all*" of

20   the accrued but unused vacation wages.  (Compl. ¶ 18.)  Redbox interprets this to

21   mean that Plaintiff believes that Defendant failed to pay any vacation wages at the

22   time of any employee's termination.  *See Butterworth v. American Eagle Outfitters,*

23   *Inc.*, 2011 WL 4905641, *4-5 (E.D. Cal. Oct. 14, 2011) (permitting an employer to

24   assume that inclusive language such as "all" indicated that a plaintiff was alleging a

25   100% violation rate when determining the amount in controversy under CAFA).

26        18.    During the statutory period, 107 individuals terminated their

27   employment with Redbox.  (Longino Decl. ¶¶ 2, 4; *see* Gray Decl. ¶¶ 6, 7.)

28   Redbox compared the accrued but unused vacation each individual had at

1    termination, and multiplied that amount by that individual's wage rate at

2    termination.  (Longino Decl. ¶ 6; Gray Decl. ¶¶ 6, 7.)  Based on this calculation,

3    Defendant calculates that the amount in controversy under Plaintiff's second cause

4    of action is approximately **$83,810.16**.  (Longino Decl. ¶ 6.)

5        19.    **Third Cause of Action – Failure to Pay Minimum Wages and**

6    **Overtime Compensation in Violation of California Labor Code § 1194.**

7    Plaintiff also alleges that, as a "*pattern and practice*," Redbox "failed to

8    compensate Plaintiff and members of the Class … for hours worked in excess of

9    eight (8) hours per day."  (Compl. ¶ 41; *see also* Compl. ¶¶ 42-44.)  Plaintiff

10   similarly alleges that this was a "*uniform*" policy applicable to "*all*" overtime hours

11   worked.  (Compl. ¶¶ 43, 18.)  Plaintiff alleges that, under California Labor Code

12   section 510 and the California Wage Orders, Redbox is obligated to pay the

13   putative class members, among other premium pay, one and one-half times the

14   putative class members' regular rate of pay for every hour worked over eight in one

15   day or 40 in one week.  Like the meal and rest period allegation, Plaintiff's

16   overtime compensation allegation is subject to a four year statute of limitations.

17   Bus. & Prof. Code § 17208.

18       20.    In light of Plaintiff's expansive allegations, Redbox interprets

19   Plaintiff's allegations to mean that all of the putative class members worked at least

20   one uncompensated hour of overtime for each workday during the statutory period

21   (the number of workdays being calculated individually as noted above).  (Longino

22   Decl. ¶ 7.)  Redbox, therefore, multiplied the total number of workdays each

23   individual worked during the class period by one and one-half times the

24   individual's hourly rate for that individual workday (to account for changes in rates

25   of pay during the putative statutory period), to arrive at each individual's putative

26   damages under the Labor Code.  (*Id.*)  Based on this, the aggregate value of

27   Plaintiff's third cause of action for failure to provide the putative class overtime

28   compensation during the statutory period (ignoring Plaintiff's unascertainable

NOTICE OF REMOVAL

1    minimum wage allegations) is approximately **$2,465,599.35**.  (*Id.*)

2         21.    **Fourth Cause of Action – Failure to Pay Wages Due in Violation of**

3    **California Labor Code § 203**.  Through his fourth claim, Plaintiff also alleges that

4    Defendant "*regularly*" failed to pay "*all*" wages owed upon termination of

5    employment.  (Compl. ¶¶ 18, 33, 38, 44-49.)  "Waiting time" penalties under

6    California Labor Code section 203 are assessed for each day the full final wages are

7    not paid after the time of termination, up to 30 days.  Unlike his preceding causes of

8    action with longer statutes of limitation under Business and Professions Code

9    sections 17200, *et seq.*, the applicable statute of limitations for California Labor

10   Code section 203 is three years.

11        22.    During the three years prior to the filing of this litigation, 89 putative

12   class members left the employ of Redbox.  (Gray Decl. ¶ 5.)  Based on a review of

13   its business records, Defendant calculated the amount in controversy for the waiting

14   time penalty allegations for each of those 89 individuals by multiplying the

15   individual's average daily wage by 30 days.  (Longino Decl. ¶ 8.)  Defendant

16   calculated the "average daily wage" by multiplying the individual's hourly rate of

17   pay at termination by eight hours (prorated downward for each employee who

18   worked on a reduced hours basis).  (*Id.*)

19        23.    Aggregating the putative claims of those 89 former employees,

20   Plaintiff's claim for waiting penalties on behalf of the putative class from May 6,

21   2011 until the present is worth **$367,549.06**.  (Longino Decl. ¶ 8.)

22        24.    **Fifth Cause of Action – Failure to Provide Accurate Wage**

23   **Statements in violation of California Labor Code § 226.**  Plaintiff alleges that,

24   "as a result of Defendant's various Labor Code violations," he and the putative

25   class were not provided with "*accurate* records regarding the[ir] rates of pay."

26   (Compl. ¶ 51.)  Plaintiff alleges that he and the putative class members are entitled

27   to recover penalties set forth under Labor Code section 226.  Labor Code section

28   226 permits recovery of the greater of either an individual's actual damages caused

- 10 -

1  by the inaccurate wage statements or $50 for the first pay period and $100 for each

2  subsequent pay period in which the individual received an erroneous wage

3  statement, up to a maximum of $4,000 per putative class member pursuant. Cal.

4  Labor Code § 226(e).  (Compl. ¶¶ 50-52.)

5       25.    Because the amounts sought under California Labor Code § 226(e) are

6  penalties, they are subject to a one year limitations period.  Cal. Civ. Proc. Code §

7  340(a); *Thomas v. Home Depot*, 527 F. Supp.2d 1003 (2007).

8       26.    During the period from May 6, 2013 through the present (based on the

9  most recent data available at the time of removal), Redbox issued 28 total wage

10  statements.  (Gray Decl. ¶ 8.)  During that time, Defendant employed

11  approximately 130 putative class members.  (*Id.* at ¶ 5.)  Based on the start dates

12  and termination dates (where applicable), Redbox calculated the total number of

13  wage statements that each of those 130 individuals received.  (Longino Decl. ¶ 9.)

14  Based on Labor Code section 226, Redbox calculated each individual's damages by

15  assuming $50 in damages for the first wage statement, and $100 for each

16  subsequent wage statement, with a maximum of $4,000 per putative class

17  member—the lesser amount recoverable under Labor Code section 226.  In total,

18  these employees would be entitled to recover **$329,272.10** if the allegations were

19  proven.  (*Id.*)

20       27.    **Attorneys' Fees**.  Plaintiff seeks to recover attorneys' fees based on

21  his causes of action under California Labor Code sections 218.6, 226, 227.3, and

22  1194, as well as Code of Civil Procedure section 1021.5.  (*See* Prayer for Relief ¶ 5,

23  6, 8, & 10.)  Attorneys' fees may properly be included in calculation of the amount

24  of controversy where an underlying statute authorizes an award of attorneys' fees.

25  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  The attorneys'

26  fees sought by Plaintiff are authorized by statute for all of his Labor Code causes of

27  action excluding his meal and rest period allegation.  *Kirby v. Immoos Fire Prot.,*

28  *Inc.,* 53 Cal. 4th 1244, 1248 (2012).

28.     In considering a removal of a wage-and-hour putative class action under CAFA, District Courts in California have routinely included an award of 25% of recoverable damages in the estimate of the amount in controversy.  *Muniz*, 2007 WL 1302504, at *4 n.8 ("in California, where wage and hour class actions have settled prior to trial for millions of dollars, ***it is not uncommon for an attorneys' fee award to be in the realm of 25% to 30% of the settlement and, thus, in excess of $1 million***") (emphasis added); *accord Stevenson v. Dollar Tree Stores*, 2011 WL 4928753, *5 (E.D. Cal. Oct. 17, 2011); *Deaver*, 2014 WL 2199645 at *6 ("to this amount must be added 25% for attorneys' fees"); *Stafford v. Dollar Tree Stores, Inc.*, 2014 WL 1330675, *9 (E.D. Cal. Mar. 28, 2014). ("***a common estimate for the attorneys' fees award is 25 percent of the recoverable damages***") (emphasis added).  Defendant accordingly estimates that, if successful, the value of Plaintiff's potential recovery for attorneys' fees for his qualifying Labor Code causes of action is equal to 25% of those potential damages, or **$719,670.40**.  (Longino Decl. ¶ 10.)

29.     **Summary of Amount in Controversy – All Class Claims.**  Based on the allegations of the Complaint and Redbox's individualized calculation of each individual potential damages, Plaintiff and the putative class may recover **$6,471,218.83** for alleged statutory violations and statutory penalties.  (Longino ¶¶ 5-9.)  This amount is exclusive of attorneys' fees and the presently unknowable value of his cause of action for violations of Business and Professions Code sections 17200, *et seq.*  Including alleged attorneys' fees, the non-speculative total amount in controversy in this action is **$7,190,889.23**.  (Longino Decl. ¶ 3.)

## COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

30.     In accordance with 28 U.S.C. §1446(a), this notice of removal is filed in the District Court of the United States in which the action is pending.  The Superior Court of California, County of Los Angeles, is located within the Central District of California, Western Division.  28 U.S.C. § 84(c).  Therefore, venue

NOTICE OF REMOVAL

following removal is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

31.     As required by 28 U.S.C. § 1446, Redbox hereby provides this Court with copies of all process, pleadings and orders received by Redbox in this action (attached as Exhibit A), Redbox has not received any pleadings, process or orders besides those attached.

32.     As required by 28 U.S.C. § 1446(d), Redbox will promptly give written notice of the filing to Plaintiff, and file a copy of the Notice with the clerk of the Superior Court of the State of California, County of Los Angeles.

33.     In the event this Court has a question regarding the propriety of this Notice of Removal, Redbox requests that the Court issue an Order to Show Cause, so that Redbox may have an opportunity to address the Court's question.

Accordingly, Redbox removes the above-entitled action to this Court.


DATED:  June 6, 2014

Respectfully,

PERKINS COIE LLP

By

Sue J. Stott
Jonathan S. Longino

Attorneys for Defendants
REDBOX AUTOMATED RETAIL,
LLC and OUTERWALL INC.

- 13 -

NOTICE OF REMOVAL

# EXHIBIT A

**COPY**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 0 6 2014

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

REDBOX AUTOMATED RETAIL, LLC, a Limited Liability
Company; Additional Parties Attachment form is attached;

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUSTIN DOUGHERTY, as an individual and on behalf of all others
similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es:)* Los Angeles Superior Court

CASE NUMBER: *(Número del Caso):* BC544841

111 N. Hill Street
Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
Stephanie E. Yasuda (SBN 265480), One Wilshire Blvd., Ste. 2200, Los Angeles, CA 90017, (213) 612-0988

DATE:
*(Fecha)* MAY 0 6 2014

Clerk, by *(Secretario)* SHAUNYA BOLDEN , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Outerwall, Inc.

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5/7/14 @ 3:14 PM

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Dougherty v. Redbox Automated Retail, LLC et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

OUTERWALL, INC., a corporation, and DOES 1 through 50, inclusive,

Page   2   of   2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**
Case Number _____

<u>THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT</u>
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).



BC544841

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge William F. Highberger | 307 | 1402 |
| OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION
The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____      SHERRI R. CARTER, Executive Officer/Clerk

LACIV CCW 190 (Rev09/13)
LASC Approved 05-06                                     By _____, Deputy Clerk
For Optical Use

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:         FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____          _____
                                                              JUDICIAL OFFICER



1   KENNETH H. YOON (State Bar No. 198443)
    STEPHANIE E. YASUDA (State Bar No. 265480)
2   **LAW OFFICES OF KENNETH H. YOON**
    One Wilshire Blvd., Suite 2200
3   Los Angeles, California 90017
    Telephone: (213) 612-0988
4   Facsimile: (213) 947-1211

5   DOUGLAS HAN (State Bar No. 232858)
    **JUSTICE LAW CORPORATION**
6   410 Arden Ave., Suite 206
    Glendale, California 91203
7   Telephone: (818) 230-7502
    Facsimile: (818) 230-7259
8
9   Attorneys for Plaintiff Justin Dougherty

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 0 6 2014

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                    **FOR THE COUNTY OF LOS ANGELES**

12   JUSTIN DOUGHERTY, as an individual and        Case No.:        **BC544841**
13   on behalf of all others similarly situated,
                                                    **CLASS ACTION**
14                  Plaintiffs,
                                                    **CLASS ACTION COMPLAINT FOR**
15          v.                                      **DAMAGES FOR:**

16   REDBOX AUTOMATED RETAIL, LLC, a               **(1) VIOLATION OF LABOR CODE**
     Limited Liability Company; OUTERWALL,             **SECTION 226.7;**
17   INC., a corporation, and DOES 1 through 50,
     inclusive,                                     **(2) VIOLATION OF LABOR CODE**
18                                                      **SECTION 227.3;**
                    Defendants.
19                                                  **(3) VIOLATION OF LABOR CODE**
                                                        **SECTION 1194;**
20
                                                    **(4) VIOLATION OF LABOR CODE**
21                                                      **SECTION 203;**

22                                                  **(5) VIOLATION OF LABOR CODE**
                                                        **SECTION 226;**
23
                                                    **(6) BUSINESS AND PROFESSIONS**
24                                                      **CODE SECTION 17200** *et seq.*

25                                                  **DEMAND FOR JURY TRIAL**
26
27
28

                                        1

1          Plaintiff Justin Dougherty ("Plaintiff") hereby submits his Class Action

2 Complaint for Damages against Defendant Redbox Automated Retail, LLC, Outerwall, Inc.,

3 and DOES 1-50, inclusive (collectively, "Defendants"), on behalf of himself and the Class of

4 other similarly situated current and former employees of Defendants for meal period and rest

5 break wages, overtime wages and minimum wages, vested vacation pay, and penalties as

6 follows:

### INTRODUCTION

7

8        **1.**    This class action brought pursuant to Labor Code §§ 203, 226, 226.7,

9 227.3, 1194, Industrial Welfare Commission ("IWC") Wage Order No. 4-2001 (codified as

10 California Code of Regulations, title 8, § 11040), and Business and Professions Code § 17200

11 *et seq.* (Unfair Competition Law ("UCL")).

12        **2.**    This Complaint challenges Defendants' systemic illegal employment

13 practices resulting in violations of the stated provisions of the Labor Code and corresponding

14 IWC Wage Order against the putative class of employees.

15        **3.**    Plaintiff is informed and believes and thereon alleges Defendants joint

16 and severally acted intentionally and with deliberate indifference and conscious disregard to

17 the rights of all employees in (1) failing to pay all meal period wages and rest break wages, (2)

18 failing to pay all vested vacation pay upon termination of employment, (3) failing to pay all

19 overtime wages and minimum wages, (4) failing to pay all wages due and owing upon

20 termination of employment, (5) failing to provide accurate wage statements, and (6) engaging

21 in unfair business practices.

### JURISDICTION AND VENUE

22

23        **4.**    This class action is brought pursuant to California Code of Civil

24 Procedure § 382.  The monetary damages sought by Plaintiff exceed the minimal jurisdictional

25 limits of the Superior Court and will be established according to proof at trial.  Plaintiff is

26 informed and believes and thereon alleges that the amount in controversy as a result of this

27 action, including claims for compensatory damages, interest, penalties, premium wages, and

28 attorneys' fees, is less than $5,000,000.00 in the aggregate for the putative Class, and less than

CLASS ACTION COMPLAINT FOR DAMAGES

1  $75,000.00 for each putative Class Member, including Plaintiff.

2       **5.**    This Court has jurisdiction over this action pursuant to California

3  Constitution, Article VI, Section 10, which grants the Superior Court original jurisdiction in all

4  causes except those given by statute to other courts. The statutes under which this action is

5  brought do not specify any other basis for jurisdiction.

6       **6.**    This Court has jurisdiction over the violations of Labor Code §§ 203,

7  226, 226.7, 227.3, 1194, IWC Wage Order No. 4-2001, and the UCL.

8       **7.**    This Court has jurisdiction over all Defendants because, upon

9  information and belief, each party has sufficient minimum contacts in California, or otherwise

10  intentionally avails itself of California law so as to render the exercise of jurisdiction over it by

11  the California courts consistent with traditional notions of fair play and substantial justice.

12       **8.**    Venue is proper in this Court because, upon information and belief, the

13  named Defendants transact business and/or have offices in this county, and the acts and

14  omissions alleged herein took place in this county.

15  **PARTIES**

16       **9.**    Plaintiff Justin Dougherty worked as a FRS1 Merchandiser for

17  Defendants from March 15, 2010 to September 7, 2011. At the time of termination, Plaintiff

18  was classified by Defendants as a non-exempt employee.

19       **10.**    Defendant Redbox Automated Retail, LLC, is a limited liability

20  company organized and existing under the laws of Delaware, licensed to do business and

21  actually doing business in the State of California, including the County of Los Angeles

22       **11.**    Defendant Outerwall, Inc., is a corporation organized and existing under

23  the laws of Delaware, licensed to do business and actually doing business in the State of

24  California, including the County of Los Angeles.

25       **12.**    Plaintiff does not know the true names or capacities, whether individual,

26  partner or corporate, of Defendants sued herein as DOES 1 through 50, inclusive, and for that

27  reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to

28  amend this complaint when the true names and capacities are known. Plaintiff is informed and

3

CLASS ACTION COMPLAINT FOR DAMAGES

1  believes and thereon alleges that each of Defendants designated as a DOE was responsible in

2  some way for the matters alleged herein and proximately caused Plaintiff and members of the

3  general public and the Class to be subject to the illegal employment practices, wrongs and

4  injuries complained of herein.

5       13.    At all times herein mentioned, Defendants, and each of them, were

6  agents, partners, joint venturers, representatives, servants, employees, successors-in-interest,

7  co-conspirators and assigns, each of the other, and at all times relevant hereto were acting

8  within the course and scope of their authority as such agents, partners, joint venturers,

9  representatives, servants, employees, successors, co-conspirators and assigns, and that all acts

10  or omissions alleged herein were duly committed with ratification, knowledge, permission,

11  encouragement, authorization and consent of each Defendant designated herein.

12       14.    As such, and based upon all the facts and circumstances incident to

13  Defendants' business in California, Defendants are subject to Labor Code §§ 203, 226, 226.7,

14  227.3, 1194, IWC Wage Order No. 4-2001, and the UCL.

15                    <u>CLASS ACTION ALLEGATIONS</u>

16       15.    **Definition:**  The named Plaintiff seeks class certification pursuant to

17  California Code of Civil Procedure § 382 of a Class of all non-exempt employees of

18  Defendants who worked in California as Field Support Representatives or individuals with

19  similar titles and/or job duties servicing Redbox kiosks during the period from May 6, 2010 to

20  the present, including the following Subclasses:

21            (a)    **Meal Period Subclass:** all Defendants' non-exempt employees

22                    who worked one or more shifts in excess of six (6) hours in

23                    California as Field Support Representatives or individuals with

24                    similar titles and/or job duties servicing Redbox kiosks during

25                    the period from May 6, 2010 to the present;

26            **As an alternative to Subclass (a):** all Defendants' non-exempt

27                    employees who worked one or more shifts in excess of six (6)

28                    hours in California as Field Support Representatives or

4

individuals with similar titles and/or job duties servicing Redbox kiosks without receiving a 30-minute break during which they were relieved of all duties, during the period from May 6, 2010 to the present;

(b)     **Rest Break Subclass:** all Defendants' non-exempt employees who worked one or more shifts of thee and one-half (3.5) hours or more in California as Field Support Representatives or individuals with similar titles and/or job duties servicing Redbox kiosks during the period from May 6, 2010 to the present;

**As an alternative to Subclass (b):** all Defendants' non-exempt employees who worked one or more shifts of thee and one-half (3.5) hours or more in California as Field Support Representatives or individuals with similar titles and/or job duties servicing Redbox kiosks without receiving a paid 10-minute break during which they were relieved of all duties, during the period from May 6, 2010 to the present;

(c)     **Vacation Pay Subclass:** all Defendants' non-exempt employees who worked in California as Field Support Representatives or individuals with similar titles and/or job duties servicing Redbox kiosks during the period from May 6, 2010 to the present, and who were not properly paid all accrued vacation wages on termination;

**As an alternative to Subclass (c):** all Defendants' non-exempt employees who worked in California as Field Support Representatives or individuals with similar titles and/or job duties servicing Redbox kiosks during the period from May 6, 2010 to the present, and to whom Defendant's vacation policies applied on termination;

5

(d)     **Overtime Subclass:** all Defendants' non-exempt employees who worked one or more shifts in excess of eight (8) hours in a day or forty (40) hours in a workweek in California as Field Support Representatives or individuals with similar titles and/or job duties servicing Redbox kiosks during the period from May 6, 2010 to the present;

**As an alternative to Subclass (d):** all Defendants' non-exempt employees who worked one or more shifts in excess of eight (8) hours in a day or forty (40) hours in a workweek in California as Field Support Representatives or individuals with similar titles and/or job duties servicing Redbox kiosks and were not properly paid all overtime wages during the period from May 6, 2010 to the present;

(e)     **Minimum Wage Subclass:** all Defendants' non-exempt employees who worked in California as Field Support Representatives or individuals with similar titles and/or job duties servicing Redbox kiosks during the period from May 6, 2010 to the present;

**As an alternative to Subclass (e):** all Defendants' non-exempt employees who worked in California as Field Support Representatives or individuals with similar titles and/or job duties servicing Redbox kiosks and were not properly paid all minimum wages during the period from May 6, 2010 to the present;

(f)     **Terminated Employee Subclass:** all Defendants' non-exempt employees who worked in California as Field Support Representatives or individuals with similar titles and/or job duties servicing Redbox kiosks during the period from May 6,

CLASS ACTION COMPLAINT FOR DAMAGES

2011 to the present, and who were not properly paid all wages on termination or within 72 hours thereof; and

(g) **Wage Statement Subclass:** all Defendants' non-exempt employees who worked in California as Field Support Representatives or individuals with similar titles and/or job duties servicing Redbox kiosks and received an itemized wage statement for work performed during the period from May 6, 2011 to the present.

16.  **Numerosity:** The members of the Classes are so numerous that joinder of all members would be impractical, if not impossible.  The identities of the members of the Classes are readily ascertainable by review of Defendants' records, including payroll records.

17.  **Adequacy of Representation:**  Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Classes defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Classes and Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

18.  Defendants uniformly administered a corporate policy, practice and/or procedure of (1) failing to pay all meal period wages and rest break wages, (2) failing to pay all vested vacation pay upon termination of employment, (3) failing to pay all overtime wages and minimum wages, (4) failing to pay all wages due and owing upon termination of employment, (5) failing to provide accurate wage statements, and (6) engaging in unfair business practices. Plaintiff alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed members of the Classes.

19.  **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Classes concerning whether Defendants' policies and practices regularly denied Class

CLASS ACTION COMPLAINT FOR DAMAGES

1 Members meal and rest break wages, overtime and minimum wages, vested vacation pay,

2 accurate wage statements, and all wages due and owing upon termination of employment.

3      **20.**   **Typicality:**   The claims of Plaintiff are typical of the claims of all

4 members of the Classes. Plaintiff is a member of the Classes and has suffered the alleged

5 violations of Labor Code §§ 203, 226, 226.7, 227.3, 1194, IWC Wage Order No. 4-2001, and

6 the UCL.

7      **21.**   The Labor Code upon which Plaintiff bases his claims is broadly

8 remedial in nature. These laws and labor standards serve an important public interest in

9 establishing minimum working conditions and standards in California. These laws and labor

10 standards protect the average working employee from exploitation by employers who may seek

11 to take advantage of superior economic and bargaining power in setting onerous terms and

12 conditions of employment.

13      **22.**   The nature of this action and the format of laws available to Plaintiff and

14 members of the Classes identified herein make the class action format a particularly efficient

15 and appropriate procedure to redress the wrongs alleged herein. If each employee were

16 required to file an individual lawsuit, the corporate Defendants would necessarily gain an

17 unconscionable advantage since it would be able to exploit and overwhelm the limited

18 resources of each individual plaintiff with their vastly superior financial and legal resources.

19 Requiring each Class Member to pursue an individual remedy would also discourage the

20 assertion of lawful claims by employees who would be disinclined to file an action against

21 their former and/or current employer for real and justifiable fear of retaliation and permanent

22 damage to their careers at subsequent employment.

23      **23.**   The prosecution of separate actions by the individual Class Members,

24 even if possible, would create a substantial risk of (a) inconsistent or varying adjudications

25 with respect to individual Class Members against the Defendants and which would establish

26 potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with

27 respect to individual Class Members which would, as a practical matter, be dispositive of the

28 interest of the other Class Members not parties to the adjudications or which would

8

CLASS ACTION COMPLAINT FOR DAMAGES

1    substantially impair or impede the ability of the Class Members to protect their interests.

2    Further, the claims of the individual members of the Classes are not sufficiently large to

3    warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

4          **24.**     Such a pattern, practice and uniform administration of corporate policy

5    regarding illegal employee compensation described herein is unlawful and creates an

6    entitlement to recovery by the Plaintiff and the Classes identified herein, in a civil action, for

7    the unpaid balance of the full amount of meal period and rest break wages, vested vacation

8    pay, overtime wages, and minimum wages, including interest thereon, attorneys' fees and costs

9    of suit, as well as consequential damages.

10         **25.**     Proof of a common business practice or factual pattern, which the named

11   Plaintiff experienced and is representative of, will establish the right of each Class Member to

12   recovery on the causes of action alleged herein.

13         **26.**     The Classes are commonly entitled to a specific fund with respect to the

14   compensation illegally and unfairly retained by Defendants.  This action is brought for the

15   benefit of the entirety of all Classes and will result in the creation of a common fund.

16                  **<u>FIRST CAUSE OF ACTION</u>**

17             **VIOLATION OF LABOR CODE SECTION 226.7**

18       **REGARDING MEAL PERIOD AND REST BREAK WAGES**

19     **(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND**

20                  **SUBCLASSES (a), (b), and (f))**

21         **27.**     Plaintiff re-alleges and incorporates by reference paragraphs 1 through

22   26 as though fully set forth herein.

23         **28.**     In accordance with the mandates of the California Labor Code and the

24   applicable IWC Wage Order, Plaintiff and the Class and Subclasses (a), (b), and (f) had the

25   right to take a 10-minute rest break for every four (4) hours worked or major fraction thereof,

26   and a 30-minute meal period for every five (5) hours worked.

27         **29.**     As a pattern and practice, Defendants regularly did not provide

28   employees with their meal periods and rest breaks and did not provide proper compensation for

9

CLASS ACTION COMPLAINT FOR DAMAGES

this failure.  Further, upon information and belief, Defendants regularly deducted a 30-minute meal period from employees' hours worked, despite employees working and not taking a duty-free meal period.

     **30.**    Defendants' policy of failing to provide Plaintiff and the Class and Subclasses (a), (b), and (f) with legally mandated meal periods and rest breaks is a violation of California law.

     **31.**    Defendants willfully failed to pay employees whom they did provide the opportunity to take meal periods and rest breaks the premium compensation set out in Labor Code § 226.7 and the applicable IWC Wage Order, and Plaintiffs and the Class and Subclasses (a), (b), and (f) are owed wages for meal period and rest break premiums as set forth above.

     **32.**    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class and Subclasses (a), (b), and (f) identified herein, in a civil action, for the balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon.

     **33.**    Defendants' willful failure to provide Plaintiff and the Class and Subclasses (a), (b), and (f) the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF LABOR CODE SECTION 227.3**

**REGARDING VESTED VACATION WAGES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND**

**SUBCLASSES (c), (f))**

     **34.**    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

     **35.**    This cause of action is brought pursuant to Labor Code § 227.3 which

CLASS ACTION COMPLAINT FOR DAMAGES

1  prohibits employers from forfeiting the vested vacation wages of their employees.

2        **36.**   As a pattern and practice, Defendants failed to pay Plaintiff and the

3  Class and Subclasses (c) and (f) their vested vacation wages, including vested PTO days,

4  personal day, floating holidays, and other paid-time-off/vacation pay, upon termination of

5  employment.

6        **37.**   Such a pattern, practice and uniform administration of corporate policy

7  regarding illegal employee compensation as described herein is unlawful and creates an

8  entitlement to recovery by Plaintiff and the Class and Subclasses (c) and (f) in a civil action for

9  damages and wages owed and for costs and attorneys' fees.

10        **38.**   Defendants' willful failure to provide Plaintiff and the Class and

11  Subclasses (c) and (f) the wages due and owing them upon separation from employment results

12  in continuation of wages up to thirty (30) days from the time the wages were due.  Therefore,

13  Plaintiff and Class Members who have separated from employment are entitled to

14  compensation pursuant to Labor Code § 203.

15  <u>**THIRD CAUSE OF ACTION**</u>

16  **VIOLATION OF LABOR CODE SECTION 1194**

17  **REGARDING OVERTIME AND MINIMUM WAGES**

18  **(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF**

19  **THE CLASS AND SUBCLASSES (d), (e), (f) and (g))**

20        **39.**   Plaintiff re-alleges and incorporates by reference paragraphs 1 through

21  38 as though fully set forth herein.

22        **40.**   At all times relevant herein, Defendants were required to compensate

23  their non-exempt employees minimum wages for all hours worked and overtime wages for all

24  hours worked over eight (8) hours in a day or forty (40) hours in a workweek.

25        **41.**   As a pattern and practice, Defendants failed to compensate Plaintiff and

26  members of the Class and Subclasses (d), (e), (f) and (g) for hours worked in excess of eight

27  (8) hours per day.

28        **42.**   This resulted in Plaintiff and the Class and Subclasses (d), and (e), (f)

1 and (g) receiving total wages in an amount less than minimum wage and, when applicable,
2 deprived Plaintiff and the Class and Subclasses (d), and (e), (f) and (g) of overtime wages.

3      **43.**    Such a pattern, practice and uniform administration of corporate policy
4 regarding illegal employee compensation as described herein is unlawful and creates an
5 entitlement to recovery by Plaintiff and the Class and Subclasses (d), (e), (f), and (g) in a civil
6 action, for the unpaid balance of the full amount of minimum and overtime wages owing,
7 including liquidated damages, interest, attorneys' fees, and costs of suit according to the
8 mandate of California Labor Code § 1194.

9      **44.**    Defendants' willful failure to provide Plaintiff and the Class and
10 Subclasses (d), (e), (f) and (g) the wages due and owing them upon separation from
11 employment results in continuation of wages up to thirty (30) days from the time the wages
12 were due. Therefore, Plaintiff and Class Members who have separated from employment are
13 entitled to compensation pursuant to Labor Code § 203.

14                 **FOURTH CAUSE OF ACTION**
15          **VIOLATION OF LABOR CODE SECTION 203**
16          **REGARDING WAITING TIME PENALTIES**
17 **(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND**
18           **SUBCLASSES (a), (b), (d) (e) and (f))**

19      **45.**    Plaintiff re-alleges and incorporates by reference paragraphs 1 through
20 44 as though fully set for herein.

21      **46.**    At all times relevant herein, Defendants were required to pay their
22 employees all wages owed in a timely fashion at the end of employment pursuant to California
23 Labor Code §§ 201 to 204.

24      **47.**    As a result of Defendants' alleged Labor Code violations alleged above,
25 Defendants regularly failed to pay Plaintiff and the Class and Subclasses (a), (b), (d), (e) and
26 (f) their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time
27 penalties pursuant to Labor Code § 203.

28      **48.**    The conduct of Defendants and their agents and employees as described

CLASS ACTION COMPLAINT FOR DAMAGES

1   herein was willfully done in violation of Plaintiff and the Class and Subclasses (a), (b), (d), (e)

2   and (f)'s rights, and done by managerial employees of Defendants.

3       **49.**   Defendants'   willful   failure   to   provide   Plaintiff   and

4   the Class and Subclasses (a), (b), (d), (e) and (f) the wages due and owing them upon

5   separation from employment results in a continuation of wages up to thirty (30) days from the

6   time the wages were due.  Therefore, Plaintiff and Class Members who have separated from

7   employment are entitled to compensation pursuant to Labor Code § 203.

8                           **<u>FIFTH CAUSE OF ACTION</u>**

9                    **VIOLATION OF LABOR CODE SECTION 226**

10                        **REGARDING RECORD KEEPING**

11     **(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND**

12                        **SUBCLASSES (a), (b), (d), (e) and (g))**

13      **50.**   Plaintiff re-alleges and incorporates by reference paragraphs 1 through

14   49 as though fully set forth herein.

15      **51.**   In violation of Labor Code § 226, Defendants failed in their affirmative

16   obligation to keep *accurate* records regarding the rates of pay for their California employees.

17   For example, as a result of Defendants' various Labor Code violations, Defendants failed to

18   keep accurate records of Plaintiffs and the Class and Subclasses (a), (b), (d), (e) and (g)'s gross

19   wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly

20   rates and the number of hours worked at each hourly rate.

21      **52.**   Such a pattern, practice and uniform administration of corporate policy

22   as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the

23   Class and Subclasses a), (b), (d), (e) and (g) identified herein, in a civil action, for all damages

24   and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable

25   attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

26

27

28

13

## SIXTH CAUSE OF ACTION

### FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 *et seq.*

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF

### ALL CLASSES AND SUBCLASSES)

53.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set for herein.

54.     Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by knowingly denying employees: (1) all meal period wages and rest break wages, (2) all vested vacation pay upon termination of employment, (3) all overtime wages and minimum wages, (4) all wages due and owing upon termination of employment, and (5) accurate wage statements.

55.     Defendants' utilization of such business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

56.     Plaintiff seeks, on his own behalf, and on behalf of other members of the Classes and Subclasses who are similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

57.     The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

58.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 *et seq.*, including those set forth above, thereby depriving Plaintiff and the Classes and Subclasses the minimum working condition standards and conditions due to them under the California laws and IWC Wage Orders as specifically described therein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose

14

behalf this suit is brought against Defendants, jointly and severally, as follows:

1.  For an order certifying the proposed Classes;

2.  For an order appointing Plaintiff as the representative of the Classes as described herein;

3.  For an order appointing counsel for Plaintiff as class counsel;

4.  Upon the First Cause of Action, for all meal period and rest break wages owed, and for waiting time wages according to proof pursuant to California Labor Code §203 and for costs;

5.  Upon the Second Cause of Action, for all vested for all vested vacation wages pursuant to Labor Code § 227.3 and for costs and attorney's fees and Labor Code § 203 waiting time wages;

6.  Upon the Third Cause of Action, for all minimum wages owed and overtime wages owed, and for waiting time wages according to proof pursuant to California Labor Code §203 and for costs and attorney's fees;

7.  Upon for the Fourth Cause of Action, for waiting time wages according to proof pursuant to California Labor Code § 203 and for costs;

8.  Upon the Fifth Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fees;

9.  Upon the Sixth Cause of Action, for restitution to Plaintiffs and other similarly affected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*; and

10.  On all causes of action for attorneys' fees, interest, and costs as provided by California Labor Code §§ 218.6, 226, 227.3, 1194, and Code of Civil Procedure § 1021.5, and for such other and further relief the Court may deem just and proper.

CLASS ACTION COMPLAINT FOR DAMAGES

1    Dated: May 6, 2014                **LAW OFFICES OF KENNETH H. YOON**

2

3                                By:

4                                    Kenneth H. Yoon
                                   Stephanie E. Yasuda

5                                  Attorneys for Plaintiff Justin Dougherty

6                          **DEMAND FOR JURY TRIAL**

7           Plaintiff, for himself and the Classes and Subclasses, hereby demands a jury trial

8 as provided by California law.

9

10   Dated: May 6, 2014                **LAW OFFICES OF KENNETH H. YOON**

11

12                                By:

13                                    Kenneth H. Yoon
                                   Stephanie E. Yasuda

14                                  Attorneys for Plaintiff Justin Dougherty

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES

**COPY**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Stephanie E. Yasuda (SBN 265480)
Law Offices of Kenneth H. Yoon
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90012

TELEPHONE NO.: (213) 612-0988    FAX NO.:

ATTORNEY FOR *(Name):* Plaintiff Justin Dougherty

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

CASE NAME:
Dougherty v. Redbox Automated Retail, LLC

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 0 6 2014

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: | BC544841 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Six
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 6, 2014

Stephanie E. Yasuda
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**



| SHORT TITLE: Dougherty v. Redbox Automated Retail, LLC et al. | CASE NUMBER BC544841 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-10 ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one). | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Dougherty v. Redbox Automated Retail, LLC et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2.,.5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Dougherty v. Redbox Automated Retail, LLC et al. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Dougherty v. Redbox Automated Retail, LLC et al. | CASE NUMBER |
|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>Class Action<br><br>818 W. 7th Street |
|---|---|
| CITY:<br>Los Angeles | STATE: CA | ZIP CODE: 90017 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __May 6, 2014__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0

Page 4 of 4